UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff/Respondent, | ) Criminal Action No. 5: 16-016-DCR<br>) and<br>) Civil Action No. 5: 19-191-DCR |
| V. | ) |
| RONALD YOUNG BIRDSONG, JR., | ) **MEMORANDUM OPINION** |
| Defendant/Movant. | ) **AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant/Movant Ronald Young Birdsong, Jr. has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 52] He alleges that his attorney was ineffective and that he was improperly classified as a career offender under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1. [*Id.*] Birdsong's § 2255 motion was referred to United States Magistrate Judge Matthew Stinnett for the issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Following a full review of the issues presented, Magistrate Judge Stinnett recommended that Birdsong's motion be denied. [Record No. 62]

This Court makes a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objections are made, 28 U.S.C. § 636(b)(1)(C). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, Birdsong has not filed timely objections. The undersigned has examined the record and agrees with Magistrate Judge Stinnett that Birdsong's claims are meritless and attempts to relitigate issues decided on direct appeal. Accordingly, his motion for collateral relief will be denied.

-1-

**I.**

Birdsong pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a). [Record No. 40] Upon preparation of a Presentence Investigation Report, the United States Probation Office recommended that Birdsong be sentenced as a career offender pursuant to U.S.S.G. § 4B1.1. Birdsong did not object to his career offender designation. Thereafter, he was sentenced to a term of imprisonment of 235 months and a three-year term of supervised release. [Record No. 40]

Birdsong appealed his sentence to the United States Court of Appeals for the Sixth Circuit, alleging that the Court erred when it: (1) concluded he was a career offender because he lacked the requisite number of qualifying predicate offenses; (2) erred by imposing a five-level enhancement for possession of a firearm; (3) improperly calculated his offense level; and (4) failed to adequately explain its reasons for sentencing him as a career offender. Birdsong further asserted that the Court erred when it considered his history of sexual abuse and addiction as factors that warranted a lengthier sentence rather than evaluating these matters as mitigating. The Sixth Circuit affirmed Birdsong's conviction and sentence. [Record No. 50] Relevant to his current § 2255 motion, the Sixth Circuit explained that he had the requisite number of predicate offenses to qualify as a career offender under U.S.S.G. § 4B1.1. [*Id.* at 3.] Additionally, it noted that his armed bank robbery conviction qualified as a prior crime of violence and Birdsong conceded that his second-degree robbery conviction qualified as a crime of violence. [*Id.*]

Birdsong then timely filed a petition under 28 U.S.C. § 2255. [Record No. 52] He asserts that his counsel was ineffective for failing to make objections to his underlying

convictions that served as predicate offenses for the career offender enhancement and for failing to investigate his prior convictions. [*Id.*] And Birdsong continues to claim that his predicate offenses do not qualify as crimes of violence. [*Id.*]

## II.

To prevail on a § 2255 claim, a prisoner must allege "an error of constitutional magnitude, a sentence imposed outside the statutory limits, or an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States,* 334 F.3d 491, 496-97 (6th Cir. 2003). A defendant's right to effective assistance of counsel is violated when defense counsel's performance falls below an objective standard of reasonableness and the defendant is prejudiced by counsel's performance. *Henness v. Bagley*, 766 F.3d 550, 554 (6th Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "[T]o satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" *Hill v. Lockhart,* 474 U.S. 52, 59 (1985); *see also United States v. Wynn*, 663 F.3d 845, 851 (6th Cir. 2011). A court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. The standard is highly deferential to counsel. *Id*.

Birdsong first asserts that his counsel was ineffective for not objecting to the career offender enhancement and by failing to investigate his prior predicate offenses. Birdsong's former attorney, Derek Gordon, provided an affidavit stating that he reviewed the presentence report, Birdsong's prior Kentucky and federal criminal case files, and determined that Birdsong had at least two qualifying convictions for crimes of violence. [Record No. 60-1] He believed (and still believes) that Birdsong qualified as a career offender. Therefore, he did

not object to the career offender enhancement recommendation. [*Id.*] Additionally, the Sixth Circuit concluded that Birdsong had the predicate offenses to be properly considered a career offender.

Gordon was not ineffective for failing to investigate Birdsong's prior convictions, concluding that Birdsong did qualify as a career offender, and choosing to not make a meritless objection. Gordon stated that he did investigate Birdsong's prior convictions and reviewed his prior case files before concluding that Birdsong qualified as a career offender. [Record No. 60-1] But even if he had not investigated the prior convictions, "[a] defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome." *United States v. Pratt*, No. 7: 15-10-DCR, 2019 U.S. Dist. LEXIS 34495, at *7 (E.D. Ky. Mar. 4, 2019) (citing *United States v. Hassan*, Nos. 12-cr-20523, 14-cv-11592, 2014 U.S. Dist. LEXIS 150258, at *5 (E.D. Mich. Oct. 21, 2014)). Birdsong cannot show that any further investigation would result in a different outcome because he was properly classified as a career offender.

Likewise, Gordon was not ineffective for failing to object to the career offender enhancement because any objection would have been meritless. *See United States v. Jennings*, 2011 U.S. Dist. LEXIS 63471 (E.D. Ky. June 14, 2011) ("Failure to raise meritless arguments does not constitute ineffective assistance of counsel"); *United States v. West*, No. 12-01-ART-(2), 2014 U.S. Dist. LEXIS 133734, at *9 (E.D. Ky. Sept. 22, 2014) (citing *Green v. United States*, 23 F.3d 406 (6th Cir. 1994)). Further, Birdsong cannot show that he suffered any prejudice because of counsel's failure to object to his classification as a career offender. Accordingly, he has not established that his counsel was ineffective.

Birdsong also asserts that his prior predicate offenses do not qualify as violent offenses. He attached his previous appellate brief in support of his argument. As noted above, the Sixth Circuit addressed previously whether his prior convictions count as predicate offenses and determined that at least two of them count as qualifying offenses for the career offender enhancement. As Magistrate Judge Stinnett correctly notes, a "§ 2255 petitioner is precluded from relitigating an issue already raised on appeal absent an exceptional circumstance." [Record No. 62 (citing *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996)]; *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999). Because the Sixth Circuit has already addressed Birdsong's claim that his prior convictions do not qualify as predicate offenses and concluded that his claim lacks merit and there are no exceptional circumstances that would justify reviewing the issue, this Court is precluded from relitigating his claim.

### III.

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). When the denial of a motion filed under § 2255 is based on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists could not find this Court's assessment of Birdsong's claims debatable or wrong. Accordingly, a Certificate of Appealability will not issue.

For the foregoing reasons, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [Record No. 62] is **ADOPTED** and **INCORPORATED** by reference.

2. Movant/Defendant Ronald Young Birdsong Jr.'s motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Record No. 52] is **DENIED**. His claims are **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket.

3. A Certificate of Appealability will not issue.

Dated: September 26, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky